In re ROSENTHAL et al.

(District Court, D. New Jersey. March 5, 1906.)

BANKRUPTCY—APPOINTMENT OF RECEIVER—POWER OF COURT.

If there is any authority for the appointment of a receiver for the property of a voluntary bankrupt, it is by virtue of Bankr. Act July 1, 1898, c. 541, § 2, cl. 3, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], which empowers the courts of bankruptcy generally to appoint receivers in case they "shall find it absolutely necessary for the preservation of estates," and a referee is without power to appoint a receiver after adjudication on petition of a voluntary bankrupt without any finding as to its necessity, and where the petition does not allege such necessity, but merely the belief of the petitioner that the appointment will be for the benefit of all persons in interest.

In Bankruptcy. On petition to review referee's order.

Wayne Dumont and Clifford L. Newman, for petitioners.
David H. Bilder, for bankrupts.

LANNING, District Judge. On November 1, 1905, Abraham Rosenthal and Michael Rosenthal made a general assignment to William Schmidt for the benefit of their creditors. The assignee qualified and took possession of the assignors' estate. On January 4, 1906, the assignors filed in this court their petition in voluntary bankruptcy, and on the same day were adjudicated bankrupt. The case was thereupon referred to a referee in bankruptcy, who, upon the petition of Abraham Rosenthal, sworn to on January 3d, made an order, dated January 5th, appointing a receiver of the estate of the bankrupts, and ordering "that William Schmidt, the assignee for the benefit of said creditors of said bankrupt, deliver to the said receiver all property, moneys, effects, books, and property now in his possession or under his control assigned to him by said bankrupts, or the proceeds of property so as aforesaid assigned." A number of the creditors of the bankrupts thereupon filed with the referee the petition for review now before the court.

A comparison of the list of creditors who are the petitioners in the petition for review with the list contained in the schedules annexed

io the bankrupts' petition in bankruptcy shows that all of the cerditors, save one, and he being a creditor to the amount of $13.86 only, have joined in the petition for review and asked to have the referee's order set aside. They insist that the bankrupts are estopped from the right to institute proceedings for the purpose of taking the property away from their own assignee. It is doubtful whether the petition for review fairly presents for decision this interesting and important question. However that may be, the order must be set aside for another reason. By the petition for review the objecting creditors allege that the order is erroneous "because the petition of Abraham Rosenthal, upon which the order was made, and which was filed with said referee, did not set forth sufficient facts showing that it was absolutely necessary for the preservation of the estate that a receiver should be appointed." As above stated, the receiver was appointed after adjudication of bankruptcy. The appointment, therefore, could not have been made under clause "e," § 3, Bankruptcy Act, July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], for that clause authorizes the appointment of a receiver only in involuntary proceedings and before adjudication of bankruptcy. If there be authority for the appointment at all, it must be found in clause 3 of section 2, where courts of bankruptcy are empowered to "appoint receivers, or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary for the preservation of estates to take charge of the property of bankrupts after the filing of the petition and until it be dismissed or the trustee is qualified." In Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, the Supreme Court declared that under this clause the appointment is to be made only where absolute necessity for the preservation of the bankrupt's estate requires it.

The only facts presented to the referee in the present case were those contained in Abraham Rosenthal's petition, and they were merely that he and Michael Rosenthal were partners in the silk manufacturing business; that on November 1, 1905, the firm made an assignment to William Schmidt for the benefit of their creditors; that Schmidt thereupon took possession of their property, the estimated value of which was about $8,000; that he and Michael Rosenthal were about to file their petition in voluntary bankruptcy; and that he "verily believes that it will be to the benefit of all persons in interest that a receiver of this court do forthwith seize and take possession of all property belonging to said partnership and now in the hands of said assignee." There is no intimation in the petition that the assignee is doing anything prejudicial to the interests of creditors or in conflict with the provisions of the bankruptcy act. Nor, in the order made, is there any finding that it is absolutely necessary for the preservation of the bankrupts' estate that a receiver be appointed. It follows that the referee's order must be set aside and the petition on which it was made be dismissed.

In the petition for review it is also alleged that the order of the referee was erroneous because "it appears from said petition [that is,

the original petition in bankruptcy] that said bankrupts had previously made a general assignment for the benefit of their creditors both as individuals and as partners, and that they were therefore precluded from being adjudged bankrupts on the voluntary petition." This objection was properly abandoned on the argument. The only way to raise that question is by an application to vacate the adjudication.